Ira D. Kharasch (CA Bar No. 109084)
Victoria A. Newmark (CA Bar No. 183581)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067-4003
Telephone: 310-277-6910
Facsimile:  310-201-0760
E-mail: ikharasch@pszjlaw.com
       vnewmark@pszjlaw.com

Christopher B. Harwood (*pro hac* vice application forthcoming)
MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO P.C.
Morvillo Abramowitz Grand Iason & Anello, P.C.
565 Fifth Avenue,
New York, NY 10017
Telephone: 212-856-9600
Facsimile:  212-856-9494
E-mail: charwood@maglaw.com

Attorneys for Defendant BSYD Management Corp.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP, P.C., | Chapter 11 |
| Debtor. | Adv. No. 8:25-ap-01082-SC |
| | **DEFENDANT BSYD MANAGEMENT CORP.'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |
| | DATE:<br>TIME:   [No Hearing Required]<br>PLACE: |

1

RICHARD A. MARSHACK, Trustee of the
LPG Liquidation Trust,

       Plaintiff,

  v.

BSYD MANAGEMENT CORP., a New York
corporation and DOES 1 through 20,
inclusive,

       Defendant.

Defendant BSYD Management Corp. ("BSYD") hereby answers the *Complaint for: (1) Avoidance, Recovery, and Preservation of Actual Fraudulent Transfers [11 U.S.C. §§ 544, 548(a)(1)(A), 550, 551; Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07]; (2) Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers [11 U.S.C. §§ 544, 548(a)(1)(B), 550, 551; Cal. Civ. Code §§ 3439.04(a)(2) and 3439.07]; and (3) Disallowance of Claims Held by Defendant [11 U.S.C. § 502(d)]*, (the "Complaint") and admits, denies, and avers as follows:

## STATEMENT OF THE CASE

1.     The allegations of paragraph 1 of the Complaint do not require an answer because the first sentence of the paragraph is a statement of law and the rest of the paragraph purports to summarize the Trustee's allegations. To the extent an answer is required, BSYD denies the allegations except admits and avers that (i) it wired $100,000 to Litigation Practice Group P.C. on August 11, 2022 without charging interest or fees, (ii) it received a corresponding wire payment in return for the exact same amount of $100,000 from Litigation Practice Group P.C. on September 9, 2022, and (iii) bank statements for the Litigation Practice Group P.C. that, on information and belief, were in the possession of the Trustee at the time the Complaint was filed would reflect the fully offsetting wire transfers. Bank statements for BSYD reflecting these fully offsetting wire transactions are attached hereto as **Exhibits 1** and **2**, respectively, and incorporated by reference.

2

2.      The allegations of paragraph 2 of the Complaint do not require an answer because they are statements of law or summaries of Trustee's demand.   To the extent an answer is required, BYSD denies the allegations in paragraph 2 of the Complaint

## STATEMENT OF JURISDICTION AND VENUE

3.      The allegations of paragraph 3 of the Complaint do not require an answer because they are a statement of law.   To the extent an answer is required, BSYD lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and on that basis denies them.

4.      The allegations of paragraph 4 of the Complaint do not require an answer because they are statements of law.   To the extent an answer is required, BSYD lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and on that basis denies them.

5.      The allegations of paragraph 5 of the Complaint do not require an answer because they are statements of law.   To the extent an answer is required, BSYD lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and on that basis denies them.

6.      The allegations of paragraph 6 of the Complaint do not require an answer because they are statements of law.   To the extent an answer is required, BSYD lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and on that basis denies them.

## PARTIES

7.      BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and on that basis denies them.

8.      BSYD admits the allegations contained in paragraph 8 of the Complaint.

9.      The allegations of paragraph 9 of the Complaint do not require an answer because they are statements of law.   To the extent an answer is required, BSYD is without sufficient

knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9, and on that basis denies them.

10.     BSYD admits the allegation in paragraph 10 that it was formed under the laws of the State of New York and that its address and/or principal place of business is 5308 13th Ave, Brooklyn, New York 11219, but denies the remaining allegations in paragraph 10.

11.     BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and on that basis denies them.

## GENERAL ALLEGATIONS

**A.    THE BANKRUPTCY CASE**

12.     BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and on that basis denies them.

13.     BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and on that basis denies them.

14.     BSYD admits the allegation in paragraph 14 of the Complaint that on May 8, 2023, Trustee accepted his appointment as the Chapter 11 Trustee in the Bankruptcy Case, but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 14, and on that basis denies them.

**B.    FRAUDULENT ENTITIES**

15.     BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and on that basis denies them.

16.     BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and on that basis denies them.

4

17.    The allegations in paragraph 17 of the Complaint do not require an answer because they are statements of law.  To the extent an answer is required, BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and on that basis denies them.

18.    BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and on that basis denies them.

19.    BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and on that basis denies them.

## C.    PONZI SCHEME

20.    The allegations contained in paragraph 20 of the Complaint do not require an answer because they purport to describe a court order.  To the extent an answer is required, BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint (at least with respect to their applicability to this case), and on that basis denies them and refers to the order cited for its complete contents.

21.    The allegations contained in paragraph 21 of the Complaint do not require an answer because they are statements of law and purport to quote caselaw.  To the extent an answer is required, BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint (at least with respect to their applicability to this case), and on that basis denies them and refers to the case law cited for its complete contents.

22.    The allegations contained in paragraph 22 of the Complaint do not require an answer because they are statements of law and purport to quote caselaw.  To the extent an answer is required, BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint (at least with respect to

their applicability to this case), and on that basis denies them and refers to the caselaw cited for its complete contents.

23. The allegations contained in paragraph 23 of the Complaint do not require an answer because they are statements of law. To the extent an answer is required, BSYD denies the allegations contained in paragraph 23 of the Complaint.

**D. PREPETITION CREDITORS AND LAWSUITS**

24. The allegations contained in paragraph 24 of the Complaint do not require an answer because they purport to describe a court filing. To the extent an answer is required, BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint (at least with respect to their applicability to this case), and on that basis denies them and refers to the document cited for its complete contents.

25. The allegations contained in paragraph 25 of the Complaint do not require an answer because they purport to describe a court filing. To the extent an answer is required, BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint (at least with respect to their applicability to this case), and on that basis denies them and refers to the document cited for its complete contents.

26. BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and on that basis denies them and refers to the documents cited for their complete contents.

27. BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and on that basis denies them.

28. The allegations contained in paragraph 28 of the Complaint do not require an answer because they purport to describe court filings. To the extent an answer is required, BSYD is without sufficient knowledge or information to form a belief as to the truth of the

allegations contained in paragraph 28 of the Complaint (at least with respect to their applicability to this case), and on that basis denies them and refers to the documents cited for their complete contents.

**E.    DEBTOR'S INSOLVENCY**

29.    BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, and on that basis denies them.

30.    The allegations in paragraph 30 of the Complaint do not require an answer because they are statements of law.  To the extent an answer is required, BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, and on that basis denies them.

**F.    <u>THE SUBJECT TRANSFERS</u>**

31.    BSYD denies the allegations contained in paragraph 31 of the Complaint, except admits that it sent $100,000 to Litigation Practice Group P.C. on August 11, 2022 without charging interest or fees, and avers that it received a payment for the exact same amount of $100,000 from Litigation Practice Group P.C. on September 9, 2022.

32.    The allegations contained in paragraph 32 of the Complaint do not require an answer because they are statements of law. To the extent an answer is required, BSYD denies the allegations contained in paragraph 32 of the Complaint.

33.    The allegations contained in paragraph 33 of the Complaint do not require an answer because they purport to summarize Plaintiff's allegations.  To the extent an answer is required, BSYD denies the allegations contained in paragraph 33 of the Complaint.

34.    The allegations contained in paragraph 34 of the Complaint do not require an answer because they purport to summarize Plaintiff's allegations.  To the extent an answer is required, BSYD denies the allegations contained in paragraph 34 of the Complaint

35.     The allegations contained in paragraph 35 of the Complaint do not require an answer because they purport to summarize Plaintiff's allegations.  To the extent an answer is required, BSYD denies the allegations contained in paragraph 35 of the Complaint.

36.     The allegations contained in paragraph 36 of the Complaint do not require an answer because they are statements of law. To the extent an answer is required, BSYD denies the allegations contained in paragraph 36 of the Complaint.

37.     The allegations contained in paragraph 37 of the Complaint do not require an answer because they are statements of law.  To the extent an answer is required, BSYD denies the allegations contained in paragraph 37 of the Complaint to the extent they relate to any transfer involving BSYD.

## G.     DUE DILIGENCE

38.     BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint, and on that basis denies them.

39.     BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint, and on that basis denies them.

**FIRST CLAIM FOR RELIEF**

**Avoidance, Preservation, and Recovery of Actual Fraudulent Transfer 11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.04(a)(1) and 3439.07 (Against all Defendants)**

40.     In response to paragraph 40 of the Complaint, BSYD incorporates paragraphs 1 through 39 as though fully set forth herein.

41.     The allegations contained in paragraph 41 of the Complaint do not require an answer because they are statements of law.  To the extent an answer is required, BSYD refers to the statutes cited for their complete contents and denies their applicability to this case.

42.     BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegation contained in paragraph 42 of the Complaint, and on that basis denies it.

8

43.    BSYD admits that the petition date was March 20, 2023 and that it sent $100,000 to Litigation Practice Group P.C. on August 11, 2022 without charging interest or fees and received a payment for the exact same amount of $100,000 from Litigation Practice Group P.C. on September 9, 2022, but otherwise denies the allegations contained in paragraph 43 of the Complaint.

44.    The allegations contained in paragraph 44 of the Complaint do not require an answer because they are statements of law. To the extent an answer is required, BSYD denies the allegations contained in paragraph 44 of the Complaint.

45.    BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint, and on that basis denies them.

46.    BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint, and on that basis denies them.

47.    BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint, and on that basis denies them.

48.    BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint, and on that basis denies them.

49.    The allegations contained in paragraph 49 of the Complaint do not require an answer because they are statements of law. To the extent an answer is required, BSYD denies the allegations contained in paragraph 49 of the Complaint.

50.    The allegations contained in paragraph 50 of the Complaint do not require an answer because they are statements of law.  To the extent an answer is required, BSYD denies the allegations in paragraph 50 of the Complaint to the extent they relate to any transfer involving BSYD.

51.     BSYD admits that it sent $100,000 to Litigation Practice Group P.C. on August 11, 2022 without charging interest or fees and received a payment for the exact same amount of $100,000 from Litigation Practice Group P.C. on September 9, 2022, but otherwise denies the allegations contained in paragraph 51 of the Complaint.

52.     BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint, and on that basis denies them.

53.     The allegations contained in paragraph 53 of the Complaint do not require an answer because they purport to summarize Plaintiff's allegations.   To the extent an answer is required, BSYD denies the allegations contained in paragraph 53 of the Complaint.

54.     The allegations in paragraph 54 of the Complaint do not require an answer because they are statements of law.   To the extent an answer is required, BSYD denies the allegations contained in paragraph 54 of the Complaint.

55.     The allegations in paragraph 55 of the Complaint do not require an answer because they are statements of law.   To the extent an answer is required, BSYD denies the allegations contained in paragraph 55 of the Complaint.

## SECOND CLAIM FOR RELIEF

**Avoidance, Preservation, and Recovery of Constructive Fraudulent Transfer 11 U.S.C. §§ 544, 550, 551; Cal. Civ. Code §§ 3439.04(a)(2), 3439.05 and 3439.07 (Against All Defendants)**

56.     In response to paragraph 56 of the Complaint, BSYD incorporates paragraphs 1 through 55 as though fully set forth herein.

57.     The allegations contained in paragraph 57 of the Complaint do not require an answer because they are statements of law.   To the extent an answer is required, BSYD denies the allegations contained in paragraph 57 to the extent they relate to any transfer involving BSYD, and refers to the statutes cited for their complete contents.

58.    BSYD denies the allegations contained in paragraph 58 of the Complaint.

59.    BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint, and on that basis denies them.

60.    BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint, and on that basis denies them.

61.    BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint, and on that basis denies them.

62.    BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint, and on that basis denies them.

63.    The allegations contained in paragraph 63 of the Complaint do not require an answer because they are statements of law.  To the extent an answer is required, BSYD denies the allegations in paragraph 63 of the Complaint to the extent they relate to BSYD.

64.    BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint, and on that basis denies them.

65.    The allegations set forth in paragraph 65 of the Complaint do not require an answer because they purport to summarize Plaintiff's allegations.  To the extent an answer is required, BSYD denies the allegations contained in paragraph 65 of the Complaint.

66.    The allegations in paragraph 66 of the Complaint do not require an answer because they are statements of law.  To the extent an answer is required, BSYD denies the allegations contained in paragraph 66 of the Complaint.

67.    The allegations in paragraph 67 of the Complaint do not require an answer because they are statements of law.  To the extent an answer is required, BSYD denies the allegations contained in paragraph 67 of the Complaint.

### THIRD CLAIM FOR RELIEF

**Avoidance, Preservation, and Recovery of Actual Fraudulent Transfer 11 U.S.C. §§ 548(a)(1)(A), 550 & 551 (Against All Defendants)**

68.    In response to paragraph 68 of the Complaint, BSYD incorporates paragraphs 1 through 67 as though fully set forth herein.

69.    BSYD admits that the petition date was March 20, 2023 and that it sent $100,000 to Litigation Practice Group P.C. on August 11, 2022 without charging interest or fees and received a payment for the exact same amount of $100,000 from Litigation Practice Group P.C. on September 9, 2022, but otherwise denies the allegations contained in paragraph 69 of the Complaint.

70.    The allegations contained in paragraph 70 of the Complaint do not require an answer because they are statements of law. To the extent an answer is required, BSYD denies the allegations contained in paragraph 70 of the Complaint.

71.    BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint, and on that basis denies them.

72.    BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint, and on that basis denies them.

73.    BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint, and on that basis denies them.

74.    BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint, and on that basis denies them.

75.    BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint, and on that basis denies them.

76.    The allegations contained in paragraph 76 of the Complaint do not require an answer because they are statements of law.  To the extent an answer is required, BSYD denies the allegations in paragraph 76 of the Complaint to the extent they relate to BSYD.

77.    BSYD denies the allegations contained in paragraph 77 of the Complaint.

78.    BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint, and on that basis denies them.

79.    The allegations contained in paragraph 79 of the Complaint do not require an answer because they purport to summarize Plaintiff's allegations.  To the extent an answer is required, BSYD denies the allegations contained in paragraph 79 of the Complaint.

80.    The allegations in paragraph 80 of the Complaint do not require an answer because they are statements of law.  To the extent an answer is required, BSYD denies the allegations contained in paragraph 80 of the Complaint.

81.    BSYD denies the allegations contained in paragraph 81 of the Complaint.

### FOURTH CLAIM FOR RELIEF

**Avoidance, Preservation, and Recovery of Constructive Fraudulent Transfer11 U.S.C. §§ 548(a)(1)(B), 550 & 551 (Against All Defendants)**

82.    In response to paragraph 82 of the Complaint, BSYD incorporates paragraphs 1 through 81 as though fully set forth herein.

83.    BSYD admits that the petition date was March 20, 2023 and that it sent $100,000 to Litigation Practice Group P.C. on August 11, 2022 without charging interest or fees and received a payment for the exact same amount of $100,000 from Litigation Practice Group P.C. on September 9, 2022, but otherwise denies the allegations contained in paragraph 83 of the Complaint.

84.    BSYD denies the allegations contained in paragraph 84 of the Complaint.

85.    BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint, and on that basis denies them.

86.    BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint, and on that basis denies them.

87.    BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint, and on that basis denies them.

88.    BSYD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint, and on that basis denies them.

89.    The allegations set forth in paragraph 89 of the Complaint do not require an answer because they purport to summarize Plaintiff's allegations.  To the extent an answer is required, BSYD denies the allegations in paragraph 89.

90.    The allegations in paragraph 90 of the Complaint do not require an answer because they are statements of law.  To the extent an answer is required, BSYD denies the allegations contained in paragraph 90 of the Complaint.

91.    The allegations in paragraph 91 of the Complaint do not require an answer because they are statements of law.  To the extent an answer is required, BSYD denies the allegations contained in paragraph 91 of the Complaint.

14

## FIFTH CLAIM FOR RELIEF

### Disallowance of Claim 11 U.S.C. § 502(d) (Against All Defendants)

92.     In response to paragraph 92 of the Complaint, BSYD incorporates its responses to paragraphs 1 through 91 as though set forth in full.

93.     BSYD admits the allegations contained in paragraph 93 of the Complaint.

94.     The allegations set forth in paragraph 94 of the Complaint do not require an answer because they purport to summarize Plaintiff's request.   To the extent an answer is required, BSYD denies any legal or factual allegation encompassed within paragraph 94 of the Complaint.

## PRAYER

95.     The remainder of the Complaint contains a "Prayer" to which no response is required.  However, to the extent a response is, in fact, required, BSYD denies that Plaintiff has any viable claims or causes of action against it or that Plaintiff is entitled to any relief against it (whether included in the "Prayer" or otherwise).

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

96.     For a separate and first affirmative defense to the Complaint, and to each and every purported claim for relief against BSYD contained therein, BSYD alleges that the Complaint fails to state a claim upon which relief can be granted against BSYD.

## SECOND AFFIRMATIVE DEFENSE

### (Bad Faith)

97.     For a separate and second affirmative defense to the Complaint, and to each and every purported claim for relief against BSYD contained therein, BSYD alleges that Plaintiff commenced this action and has continued this action in bad faith against BSYD.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

98.    For a separate and third affirmative defense to the Complaint, and to each and every purported claim for relief against BSYD contained therein, BSYD alleges that Plaintiff's claims are barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

99.    For a separate and fourth affirmative defense to the Complaint, and to each and every purported claim for relief against BSYD contained therein, BSYD alleges that Plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

### (Unconscionability)

100.    For a separate and fifth affirmative defense to the Complaint, and to each and every purported claim for relief against BSYD contained therein, BSYD alleges that Plaintiff's claims are barred by the doctrine of unconscionability.

### SIXTH AFFIRMATIVE DEFENSE

### (Equity)

101.    For a separate and sixth affirmative defense to the Complaint, and to each and every purported claim for relief against BSYD contained therein, BSYD alleges that Plaintiff's claims are barred by common law and/or principles of equity.

### SEVENTH AFFIRMATIVE DEFENSE

### (Debtor's Own Conduct)

102.    For a separate and seventh affirmative defense to the Complaint, and to each and every purported claim for relief against BSYD contained therein, BSYD alleges that Plaintiff's damages, if any, were the direct and proximate result of the Debtor's own conduct.

### EIGHTH AFFIRMATIVE DEFENSE

### (Unrelated, Pre-Existing, or Subsequent Conditions
### Unrelated to BSYD's Conduct)

103.    For a separate and eighth affirmative defense to the Complaint, and to each and every purported claim for relief against BSYD contained therein, BSYD alleges that Plaintiff's damages, if any, were the result of unrelated, pre-existing, or subsequent events unrelated to BSYD's conduct.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

104.    For a separate and ninth affirmative defense to the Complaint, and to each and every purported claim for relief against BSYD contained therein, BSYD alleges that Plaintiff's damages, if any, were the result of the Debtor's failure to mitigate damages.

## TENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

105.    For a separate and tenth affirmative defense to the Complaint, and to each and every purported claim for relief against BSYD contained therein, BSYD alleges that Plaintiff's damages, if any, must be reduced by the amount of any payments made to Plaintiff and/or the Debtor by any collateral sources, including to the extent the Debtor has released, settled, entered into an accord and satisfaction, or otherwise compromised its claims by any means.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy At Law)

106.    For a separate and eleventh affirmative defense to the Complaint, and to each and every purported claim for relief against BSYD contained therein based in equity, BSYD that Plaintiff has an adequate remedy at law.

## TWELFTH AFFIRMATIVE DEFENSE

### (Statutory Compliance)

107.    For a separate and twelfth affirmative defense to the Complaint, and to each and every purported claim for relief against BSYD contained therein, BSYD alleges that, at all times mentioned in the Complaint, BSYD acted in strict compliance with applicable state and federal law.

17

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Good Faith of BSYD)

108.    For a separate and thirteenth affirmative defense to the Complaint, and to each and every purported claim for relief against BSYD contained therein, BSYD alleges that, at all times mentioned in the Complaint, BSYD acted in good faith and without knowledge of the voidability of the transfers and in compliance with title 11 of the United States Code including, without limitation, 11 U.S.C. § 550 and applicable state law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Reasonably Equivalent Value)

109.    For a separate and fourteenth affirmative defense to the Complaint, and to each and every purported claim for relief against BSYD contained therein, BSYD alleges that at the times of the alleged transfers, BSYD provided reasonably equivalent value to the Debtor for same.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Right to Assert Affirmative Defenses)

110.    For a separate and fifteenth affirmative defense to the Complaint, and to each and every purported claim for relief against BSYD contained therein, BSYD reserves the right to assert additional affirmative defenses based upon further investigation and discovery.

## DEMAND FOR JURY TRIAL

BSYD hereby demands a trial by jury on all issues triable by a jury and does not consent to a jury trial conducted by the bankruptcy court.

**WHEREFORE**, BSYD prays for judgment as follows:

1.    That Plaintiff take nothing by his Complaint;

2.    That Plaintiff be denied all relief sought;

3.    For costs of suit herein; and

4.    For such other and further relief as this Court deems just and proper.

Dated:  May 21, 2025                     PACHULSKI STANG ZIEHL & JONES LLP


                                  By    _/s/ Ira D. Kharasch_____
                                        Ira D. Kharasch
                                        Victoria A. Newmark

                                        Attorneys for Defendant BSYD Management
                                        Corp.

# Exhibit 1



**OPTIMUMBANK**

2929 E. Commercial Blvd.
Ft. Lauderdale, FL 33308

**STATEMENT**

BSYD MANAGEMENT CORP

SUMMARY OF YOUR ACTIVITY
ACTIVITY THROUGH    **AUG 31 22**

DEBITS        O

OPTIMUMBANK PROVIDES AN INTERNET
SECURITY COURSE. THE COURSE CAN BE
FOUND AT OUR WEBSITE WWW.OPTIMUMBAN
K.COM/PRIVACY-AND-SECURITY.ASPX

| COMMERCIAL CHECKING | | | | BALANCE SUMMARY |
| ACTIVITY BEGINNING | **JUL 3O 22** | WITHDRAWALS | DEPOSITS | |
| AUG 11  WIRE TO The Litigation Practice G | | 100000.00 | | |

**SUMMARY OF YOUR DEPOSIT ACCOUNTS**

| ACCOUNT DESCRIPTION | ACCOUNT NUMBER | ACCOUNT BALANCE | MATURITY DATE |
| --- | --- | --- | --- |

Z0140679  (D51) POD790-01   0210035275        8/31/22        00        00

# Exhibit 2

# OPTIMUMBANK

2929 E. Commercial Blvd.
Ft. Lauderdale, FL 33308

# STATEMENT

BSYD MANAGEMENT CORP

SUMMARY OF YOUR ACTIVITY
ACTIVITY THROUGH      **SEP 30 22**

DEBITS        O

―――――――――――――――――――――――――――――――――――――――――――――――――――――――――

**OPTIMUMBANK PROVIDES AN INTERNET
SECURITY COURSE. THE COURSE CAN BE
FOUND AT OUR WEBSITE WWW.OPTIMUMBAN
K.COM/PRIVACY-AND-SECURITY.ASPX**

―――――――――――――――――――――――――――――――――――――――――――――――――――――――――

| **COMMERCIAL CHECKING** | | | BALANCE SUMMARY |
|---|---|---|---|
| **ACTIVITY BEGINNING** | **SEP 01 22** | WITHDRAWALS   DEPOSITS | |
| SEP 09  WIRE FROM THE LITIGATION PRACTICE | | 100000.00 | |

―――――――――――――――――――――――――――――――――――――――――――――――――――――――――

### SUMMARY OF YOUR DEPOSIT ACCOUNTS

| ACCOUNT
DESCRIPTION | ACCOUNT
NUMBER | ACCOUNT
BALANCE | MATURITY
DATE |
|---|---|---|---|

Z0140679  I05 9 FODD79O-O1  O21OO352?5     9/30/22       OO              OO

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
700 Louisiana St. Suite 4500, Houston, TX 77002

A true and correct copy of the foregoing document entitled (*specify*): **DEFENDANT BSYD MANAGEMENT CORP.'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **May 21, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Aaron E. De Leest**    adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com
- **Chad V Haes**    chaes@marshackhays.com, chaes@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com; cmendoza@marshackhays.com; alinares@ecf.courtdrive.com
- **D Edward Hays**    ehays@marshackhays.com, ehays@ecf.courtdrive.com; alinares@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com; cmendoza@marshackhays.com
- **Richard A Marshack (TR)**    pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/21/2025 | Hope R. Daniels | /s/ Hope R. Daniels |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.